1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       WESTERN DISTRICT OF WASHINGTON
                                  AT TACOMA
10
11   HARRY VERN FOX,

              Plaintiff,                      Case No. C06-5063 RBL/KLS
12
         v.                                   ORDER DENYING MOTION TO
13                                            DISMISS AND GRANTING LEAVE
     HENRY RICHARDS, *et al*.,                TO AMEND COMPLAINT AS TO
14                                            CLAIMS 2, 4 AND 6
              Defendants.
15

16          This civil rights action has been referred to United States Magistrate Judge Karen L.

17   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Harry Vern

18   Fox is a resident of the Special Commitment Center (SCC), a Washington Department of Social and

19   Health Services (DSHS) facility for the care and confinement of persons detained or civilly

20   committed under Wash. Rev. Code ch. 71.09, Washington's sexually violent predator statute. On

21   August 21, 2006, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that

22   Defendants violated Plaintiffs constitutional rights during his confinement at the SCC.  (Dkt. # 13).

23          Defendants move to dismiss Plaintiff's Complaint (Dkt. # 13) pursuant to Fed. R. Civ. P.

24   12(b)(6) for failure to state a claim.  (Dkt. # 18).  In the alternative, Defendants request an order

25   directing Plaintiff to file an amended complaint that complies with Rule 8(a) of the Federal Rules.

26   (*Id*.).  In response, Plaintiff states that, in light of *Hydrick v. Hunter*, 466 F.3d 676 (9th Cir. 2006)

27

28   ORDER TO SHOW CAUSE - 1

1    and the *Turay* injunction,  Defendants motion is without merit.  (Dkt. # 25).  Plaintiff fails to explain

2    how either the *Hydrick* or *Turay* cases are relevant to this case or why his complaint should not be

3    dismissed for failure to state a claim.

4        By separate Report and Recommendation, the court is recommending dismissal of Claims (1),

5    (3) and (5) of Plaintiff's Complaint.  As to Plaintiff's claims (2), (4), and (6), Defendants' motion to

6    dismiss shall be denied and Plaintiff shall be granted leave to amend to properly plead a cause of

7    action under Section 1983.

8

9                             **I.  STANDARD OF REVIEW**

10    **A.**      **Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)**

11        The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to

12    the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  All material factual

13    allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally

14    "construed in the light most favorable" to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421

15    (1969); <u>Lee</u>, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6)

16    "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

17    which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

18        Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal

19    theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

20    *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere "[c]onclusory

21    allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v.*

22    *Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d

23    469, 471 (9th Cir. 1992).  Even though the court is to construe the complaint liberally, such

24    construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976

25    F.2d at 471.

26

27

28    ORDER TO SHOW CAUSE - 2

**B.      Stating A Claim Under 42 U.S.C. § 1983**

        To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); <u>Flores v. Pierce,</u> 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

        Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987).  However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II.  DISCUSSION

        Plaintiff seeks monetary and injunctive relief for the following alleged constitutional violations[1]:

| | |
|---|---|
| **Claim 2:** | lack of access to cellular telephones, pagers, computer scaners, and color print cartridges (*Id.* at ¶¶ 10, 12, 14, 16 15, 16) |
| **Claim 4:** | restrictions on videos and reading materials (*Id.* at ¶ 9) |
| **Claim 6:** | conditions of confinement at the SCC (*Id.* at ¶ 18) |

---

        [1]For ease of reference, Plaintiff's claims are referred to by the same numbers in this Order as they are in the court's Report and Recommendation filed simultaneously herein:

ORDER TO SHOW CAUSE - 3

1

2

**A.     (Claim 2) Plaintiff's Claim to Cellular Telephones, Pagers, Computer Scanners, Color Print Cartridges, and Increased Access to Telephones for Personal and Legal Use**

3

Plaintiff states that the number of telephones for resident use is inadequate, and that

4

he is restricted from purchasing a cell phone, scanner, pager, or color ink cartridge for his computer[2].

5

Plaintiff does not indicate on what basis he is alleging that he has a constitutional right to the above

6

items.  Assuming Plaintiff is alleging denial of meaningful access to the courts, he has failed to

7

adequately allege such a claim.  The U.S. Supreme Court has held that prisoners (and thus by

8

analogy, civil detainees) have a right to meaningful access to the courts, but has not specified any

9

particular constitutionally required avenue to achieve that right.

10

To state a claim for a violation of Plaintiff s right to meaningful court access, he must, at

11

minimum, plead that the alleged inadequacies of SCC's legal research resources caused him an actual

12

injury; that is, "actual prejudice with respect to contemplated or existing litigation, such as the

13

inability to meet a filing deadline or to present a claim."  *Lewis v. Casey,* 518 US. 343, 351, 116 S.

14

Ct. 2174, 135 L. Ed. 2d 606 (1996).  Plaintiff has failed to allege any actual injury, a specific instance

15

where he was actually denied access to the courts.  *See*, *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th

16

Cir. 1989).  Thus, he fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. Rule

17

12(b)(6).

18

Plaintiff also claims that allowing him access to more telephones would enhance his

19

relationships with his family members in the community.  However, the Constitution does not

20

establish that Defendants must allow such devices to sexually violent predators in a secure mental

21

health treatment facility.  Finally, Plaintiff claims that "under prior rulings" his phone access must be

22

adequate.  To the extent Plaintiff refers to the Ninth Circuit's holding in *Young v. Selig*, (Slip

23

Opinion No. 01-35697, 2001) (Unpublished), the court held in that opinion that a constitutional

24

violation could be found where the SCC was denying telephone access, particularly during times of

25

_____

26

[2]Plaintiff also states that he "may not buy a computer,"  but his damages section states that he

27

is restricted from buying color print for his printer, which suggests that he has a computer.  Whether Plaintiff is alleging the deprivation of a computer or a color cartridge, the analysis remains the same.

28

ORDER TO SHOW CAUSE - 4

1   familial emergencies.   However, Plaintiff has not alleged any specific instances where telephone

2   access was denied him.

3          Plaintiff's claims are too broadly and vaguely plead.  Plaintiff must allege that a specific

4   person or persons acting under color of law acted to deprive him of a constitutional right or privilege

5   and describe how that deprivation caused him harm.  The court will allow Plaintiff additional time to

6   file an amended complaint to cure, if possible, the defects in this claim.  If he fails to timely file an

7   amended complaint of fails to adequately correct the deficiencies identified in this Order, the court

8   will recommend dismissal of this claim as frivolous.

9

10  **B.     (Claim 4)  Plaintiff's First Amendment Right to Books/Magazines/Movies**

11         Plaintiff alleges that Defendants violate his freedom of speech by restricting "certain" books,

12  magazines and movies he may view.  (Dkt. # 13, ¶ 9).   In the civil commitment setting, a

13  patient's liberty interests are balanced against the relevant state interests to determine

14  whether the state has violated the patient's constitutional rights. *Youngberg v. Romeo,* 457

15  U.S. 307, 318, 102 S. Ct. 2452, 73 L. Ed.2d 28 (1982). The state interest in providing

16  comprehensive treatment to sexually violent predators undoubtedly outweighs the residents'

17  interest in viewing counter-therapeutic material, which interferes with the state-mandated

18  treatment program. *See, e.g.,*  Wash. Rev. Code 71.09.010 ("the treatment needs of (the SVP)

19  population are very long term, and the treatment modalities for this population are very

20  different than the traditional treatment modalities for people appropriate for commitment

21  under the involuntary treatment act.").

22         The SCC is a treatment program for dangerous sex offenders who are unable to

23  control their sexually violent behavior. Wash. Rev. Code ch. 71.09.  The state unquestionably has a

24  valid interest in treating such persons. *In re Young,* 122 Wn.2d 1, 26, 857 P.2d 989, 1000 (1993)

25  ("(I)t is irrefutable that the State has a compelling interest both in treating sex predators and

26  protecting society from their actions.").  Challenges to prison restrictions that are

27  asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate

28  ORDER TO SHOW CAUSE - 5

1  policies and goals of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 94 S. Ct.

2  00,41 L. Ed. 2d 495 (1974).  Similarly, First Amendment challenges of SCC policies must

3  be analyzed in terms of the legitimate polices and goals of the Sexually Violent Predator

4  Program.

5        Plaintiff's allegations of "certain" books, movies and magazines are too vague.  Plaintiff has

6  failed to include an allegation that identifies the books, movies and/or  magazines that he has been

7  denied access to and an allegation that such books, movies and magazines do not run counter to SCC

8  policies for maintaining institutional security and a therapeutic treatment environment.   Additionally,

9  Plaintiff must allege facts showing how individually named defendants caused or personally

10  participated in causing the harm alleged in the complaint. *Arnold* 637 F.2d at 1355.

11        The court will allow Plaintiff additional time to file an amended complaint to cure, if possible,

12  the defects in this claim.  If he fails to timely file an amended complaint of fails to adequately correct

13  the deficiencies identified in this Order, the court will recommend dismissal of this claim as frivolous.

14

15
16  **C.**    **(Claim 6) Plaintiff's Allegation That His Conditions of Confinement are Worse Than Those in Prison Is Insufficient to State a Claim**

17        Plaintiff claims that the conditions of his confinement at the SCC are worse than they were in

18  prison where he was for 31 years.  (Dkt. # 13, ¶ 4).

19        Broad allegations that the conditions at SCC are "worse" are insufficient to state a Section

20  1983 claim.  Plaintiff must allege specific acts by specific individuals, stating when, where and what

21  occurred and what damage resulted to him.  The court will allow Plaintiff additional time to file an

22  amended complaint to cure, if possible, the defects in this claim.  If he fails to timely file an amended

23  complaint of fails to adequately correct the deficiencies identified in this Order, the court will

24  recommend dismissal of this claim as frivolous.

25

26        Accordingly, it is **ORDERED:**

27       1.     Defendant's motion to dismiss (Dkt. # 18) is **DENIED as to Claim Nos. (2), (4) and**

28  ORDER TO SHOW CAUSE - 6

1

**6);** Plaintiff is directed to file an Amended Complaint curing the above noted

2

deficiencies on or before **May 31, 2007 as to Claim Nos. (2), (4) and (6) only**.

3

Failure to do so shall result in dismissal of this action; and

4

2.    The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

5

6

DATED this  2nd  day of April, 2007.

7

8

9

10

Karen L. Strombom
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER TO SHOW CAUSE - 7