UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY VERN FOX,

    Plaintiff,

  v.

HENRY RICHARDS, *et al.*,

    Defendants.

Case No. C06-5063 RBL/KLS

REPORT AND RECOMMENDATION

**Noted For: April 20, 2007**

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for a temporary injunction. (Dkt. # 28). After carefully reviewing Plaintiff's motion, Defendants' response (Dkt. # 30), and Plaintiff's reply (Dkt. # 32), the Court submits the following report, recommending that Plaintiff's motions be denied.[1]

---

[1] As an initial matter, the court notes that Plaintiff seeks relief as a result of the same events as Richard Scott in his motion for temporary restraining order in *Scott v. Nerio*, Case No. C06-5340RJB/JKA (Dkt. # 73, noted for April 13, 2007). A comparison of Mr. Scott's motion and Plaintiff's motion reveals that Plaintiff's motion appears to be in Mr. Scott's handwriting. The certificate of mailing to Plaintiff's motion states "I Richard Roy Scott did mail . . . ". (Dkt. # 28 at 6). Plaintiff's reply includes a similar proof of mailing by Mr. Scott. (Dkt. # 32 at 9). Thus, it also appears Mr. Scott has violated the Case Management Order under which Mr. Scott litigates. Mr. Scott has been prohibited from filing documents in other cases for other residents of SCC. (No. C06-5340, Dkt.# 6, ¶ 8). Appropriate sanctions against Mr. Scott shall be considered in Mr. Scott's

REPORT AND RECOMMENDATION - 1

## I. FACTUAL BACKGROUND

Plaintiff is committed to the Special Commitment Center (SCC) as a Sexually Violent Predator (SVP) under Wash. Rev. Code ch. 71.09, Washington's SVP statute. (Dkt. # 31, ¶ 2).

On December 26, 2006, an SCC staff member was assaulted by a resident who was apparently intoxicated. (*Id.*, ¶ 3). A search of the unit where the assault occurred produced several quarts of fermented liquid and handmade weapons. (*Id.*). Defendants also received independent reports of the existence of potentially lethal weapons within the facility, the continuing manufacture of intoxicants, and the introduction to the facility of illegal drugs. (*Id.*). Based on this pattern of security concerns, Defendants determined that a complete security sweep of the facility was necessary to ensure the safety and security of the SCC's residents, staff and others entering the facility. (*Id.*).

The security sweep began as to the residents on January 23, 2007 and ended on January 25, 200[7]. (*Id.*, ¶ 5). By the morning of January 29, 2007, all SCC operations had returned to normal, with the exception of the hobby and wood shops remaining restricted pending additional searches and revision of security procedures. (*Id.*).

During the actual searches of each resident living unit, residents of the specific unit were not allowed to use the telephones. The shortest unit search took 18 minutes; the longest took five hours and 31 minutes. (*Id.*, ¶¶ 6, 7). Thus, the longest any resident was unable to use the telephone was under six hours. (*Id.*). Residents were given the opportunity to send faxes to their legal representatives during the actual time they were unable to use the telephones, but none requested to do so. (*Id.*, ¶ 8). No disruptions to medical services occurred. (*Id.*, ¶ 11). Residents received their meals on their living units and all special diets (e.g., medical, religious) were adhered to without

---

case. Plaintiff is reminded that Mr. Scott may not file documents on his behalf and future filings submitted by Mr. Scott on Plaintiff's behalf shall not be considered by the court.

interruption. (*Id*., ¶ 10). The SCC did not curtail or cancel legal and medical trips off-Island during the sweep. (*Id*., ¶ 9).

Plaintiff claims that he "is not being allowed exercise or association with my friends in other units now, except by phone and only if I have a calling card." (Dkt. # 28, 2). "Access to the gym cut off or religious services." (*Id*., 3). "Meals delivered to the units & pills too. All treatment stopped!" (*Id*.) "No access to councilor. [sic] Medical has been reduced to one P.A. guy. (No. M.D.s) for all 240+ of us!!" (*Id*.) I, we need the [illegible] supervicetion [sic]!" (*Id*.) "Again access to the library or little law book (advance sheets) stopped." (*Id*. 3-4). "Hobby shop access stopped." (*Id*.). "Visits - stopped for present. Including lawyer visits." (*Id*.). Plaintiff's motion is not dated, although his certificate of mailing is dated January 28, 2007. (*Id*, 6).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same

REPORT AND RECOMMENDATION - 3

character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id*. at 795.

### III.  DISCUSSION

Plaintiff claims that as of January 23, 2007 "[t]he newest administration under Dr. Richards locked us down!" (Dkt. # 28, 1-2). Plaintiff requests an evidentiary hearing, the appointment of a

REPORT AND RECOMMENDATION - 4

special master, and the appointment of an attorney.[2] (*Id.*). Plaintiff also seeks an order restraining Dr. Richards "from turning SCC into a prison, which is what he did for 4 days and will again and again once this court says it is ok to treat civil detainees just like criminal detainees." (Dkt. # 32, 1-2).

**A.      Plaintiff Has Failed to Show "Injury in Fact"**

As an initial matter, Defendants argue that Plaintiff's motion must be denied as he has failed to show that he has suffered an "injury in fact" from the now completed security operation at the SCC. To satisfy the standing requirements of Article III of the Constitution, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, *528 U.S. 167, 180-81* (2000).

Plaintiff makes several general allegations of occurrences during the "lock down," including lack of access to the gym, religious services, and counselors, and minimized access to medical staff, eating facilities, and friends in other units. (Dkt. # 28, 1-3). Plaintiff's motion is undated, although the certificate of service indicates that the motion was mailed on January 28, 2007, (*Id*, 5), two days after the security sweep of the resident units had ended. (Dkt. # 31, ¶ 5). The evidence before the court reflects that, as of January 25, the operation as to residents had terminated. (*Id*.). By the morning of January 29, SCC operations had returned to normal, with the exception of the hobby and woodshops, which were still restricted due to additional searches and revision of security procedures. (*Id*.). The evidence also reflects that during the security procedures, the longest any resident was

---

[2]Plaintiff's motions for counsel have previously been denied, as have his motions for reconsideration. (*See* Dkt. # 19, 21, 22, 23, 27). The court will not revisit this issue.

REPORT AND RECOMMENDATION - 5

unable to use the phone was well under six hours (*Id*, ¶ 6, 7), residents were able to send faxes to their legal representatives (*Id.*, ¶6), send and receive mail (*Id*, ¶ 8), no disruptions to medical services occurred (*Id.*, ¶ 11), all meals were received in resident living units (*Id.*, ¶ 10), and legal and medical trips off-Island continued (*Id.*, ¶ 9). Plaintiff makes no allegations of any actual harm he suffered during the security procedures or harm suffered resulting from the completed procedures.

Plaintiff has not shown an actual or imminent injury that is not conjectural or hypothetical in nature. Accordingly, the undersigned recommends that his motion for injunctive relief be denied.

**B.      Plaintiff Has Failed to Show That He Will Suffer Irreparable Injury**

Defendant argues that Plaintiff has failed to request that the court restrain or enjoin them in any way. Therefore, Plaintiff cannot show an immediate risk of irreparable harm by Defendants if the court denies his requested relief. In his reply, Plaintiff states that the relief he seeks is an order restraining "Dr. Richards from turning SCC into a prison."

To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

Plaintiff has failed to show he has been harmed in any way as a result of the security procedures. In addition, even if it can be said Plaintiff was entitled to it, it is premature at this stage of the proceedings to order permanent injunctive relief in this matter.

REPORT AND RECOMMENDATION - 6

Title 18, section 3626 states:

Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1).

To successfully request prospective injunctive relief, plaintiff must show that the threat is real and immediate, not conjectural or hypothetical. *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 557 (9th Cir. 1990); *Kaiser v. County of Sacramento*, 780 F.Supp. 1309, 1311 (E.D. Cal. 1991). No facts have been provided by Plaintiff indicating that any alleged threat to him is real and immediate and not conjectural or hypothetical, let alone that his suggested relief is narrowly drawn to correct the violation of any federal right. Plaintiff has failed to allege or prove that there is any real danger that SCC will be turned into a prison. For these reasons, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

**C.    Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits or that the Balance of Hardships Weighs in His Favor**

The evidence before the court reflects that the security sweep was performed in light of an actual security threat faced by the staff of SCC. Plaintiff does not address the merits of his claim. Plaintiff has also failed to show how being granted a preliminary injunction would be in the public interest or how the balance of potential harm favors him. There is no evidence that Defendant violated the law or abused their own policies. Plaintiff has not shown how the minor restrictions

REPORT AND RECOMMENDATION - 7

placed on him during the security sweep caused him actual harm or how it outweighs the SCC's interest in maintaining safety and security in the face of an actual assault by a resident and the pattern of security concerns which lead to the decision to perform the security sweep of the facility. (*See* Dkt. # 33, ¶ 2).

Accordingly, the undersigned recommends that his motion for injunctive relief be denied.

### IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 28)**.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 20, 2007**, as noted in the caption.

DATED this 2nd day of April, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8