1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
9                         AT TACOMA

10   HARRY VERN FOX,

11            Plaintiff,                          Case No. C06-5063 RBL/KLS

12       v.                                       REPORT AND
                                                 RECOMMENDATION
13   HENRY RICHARDS, *et al*.,
                                                 **NOTED FOR:**
14            Defendants.                        **APRIL 27, 2007**

15

16       This civil rights action has been referred to United States Magistrate Judge Karen L.

17   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Harry Vern

18   Fox is a resident of the Special Commitment Center (SCC), a Washington Department of Social and

19   Health Services (DSHS) facility for the care and confinement of persons detained or civilly

20   committed under Wash. Rev. Code ch. 71.09, Washington's sexually violent predator statute. On

21   August 21, 2006, Plaintiff brought this action pursuant to 42 U .S.C. § 1983, alleging that

22   Defendants violated his constitutional rights during his confinement at the SCC.  (Dkt. # 13).

23       Defendants move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

24   failure to state a claim or, in the alternative, an order directing Plaintiff to file an amended complaint

25   that complies with Rule 8(a) of the Federal Rules. (Dkt. # 18).  Plaintiff has now filed his response.

26

27

28   REPORT AND RECOMMENDATION - 1

1   (Dkt. # 25)[1]  Having carefully reviewed the motion, the Court recommends that it should be granted

2   in part and denied in part.  By separate order, Plaintiff shall be given notice of deficiencies and

3   granted an opportunity to amend three of his claims prior to dismissal.

4

5                                    **I.  STANDARD OF REVIEW**

6   **A.        Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)**

7          The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to

8   the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  All material factual

9   allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally

10  "construed in the light most favorable" to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421

11  (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6)

12  "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

13  which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

14         Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal

15  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

16  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere "[c]onclusionary

17  allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v.*

18  *Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d

19  469, 471 (9th Cir. 1992).  Even though the court is to construe the complaint liberally, such

20  construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976

21  F.2d at 471.

22

23  **B.        Stating A Claim Under 42 U.S.C. § 1983**

24  _____

25         [1]This motion was originally noted for consideration on December 8, 2006, but was stayed,
    along with all other activity in the case, when the Plaintiff filed an appeal of this Court's order

26  denying his motion for the appointment of counsel (Dkt. # 21).  The District Court denied Plaintiff's
    appeal on January 22, 2007.  (Dkt. # 23).   The motion to dismiss was re-noted for February 23,

27  2007 and Plaintiff was provided additional time to file a response. (Dkt. # 24).

28  REPORT AND RECOMMENDATION - 2

1    To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting

2    under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or

3    immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S.

4    527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).

5    Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v.*

6    *Doyle*, 429 U.S. 274, 286-87 (1977); <u>*Flores v. Pierce,*</u> 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert.*

7    *denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements,

8    his complaint must be dismissed.

9    Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide

10   the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend

11   the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also*

12   *Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987).  However, leave to amend need not be granted

13   where amendment would be futile or the amended complaint would be subject to dismissal.  *Saul v.*

14   *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

15   Defendants move for dismissal on all of Plaintiff's claims stating that plaintiff has failed to

16   allege facts sufficient to state any claim for which relief can be granted.  (Dkt. # 18, 3).

17   Alternatively, Defendants ask that the court order Plaintiff to file an amended complaint that

18   complies with the Rules of Civil Procedure, including Fed.R.Civ.P. 8(a).  (*Id*.).  In response, Plaintiff

19   states that, in light of *Hydrick v. Hunter*, 466 F.3d 676 (9th Cir. 2006) and the *Turay* injunction,

20   Defendants motion is without merit.  (Dkt. # 25).  Plaintiff fails to explain how either the *Hydrick* or

21   *Turay* cases are relevant to this case or why his complaint should not be dismissed for failure to state

22   a claim.

23   By separate order, Defendants' motion to dismiss as to Claims (2), (4) and (6) of Plaintiff's

24   Complaint has been denied and Plaintiff has been granted leave to filed an amended complaint as to

25   those claims only.  This report and recommendation shall address Claims (1), (3) and 5) only; the

26   undersigned recommends that the latter claims be dismissed for failure to state a claim upon which relief

27   can be granted.

28   REPORT AND RECOMMENDATION - 3

## II.  DISCUSSION

Plaintiff seeks monetary and injunctive relief for the following alleged constitutional violations:[2]

**Claim 1**:     SCC's level system (a system of increasing privileges based, inter alia, on behavioral compliance with SCC rules) (Dkt. # 13 at ¶¶ 5, 6)

**Claim 3**:     lack of "trailer visits" (i.e., "conjugal" or "contact" visits) (Id. at ¶¶ 13)

**Claim 5**:     conditions of the SCC resident dining room (Id. at ¶ 17)

**A.      (Claim 1)  Plaintiff's Claim of Privileges Under SCC Level System**

Plaintiff claims that Defendants deny him certain privileges under the level system to coerce him into treatment.  (Dkt. # 13 at ¶¶ 5, 6).  SCC's privilege level system rewards those residents who participate in SCC's sex offender treatment program.  (Id. at ¶¶ 6-8).  Plaintiff admits he does not participate in the program.  Id. at ¶ 6.  This court has previously ruled that SCC's level system is not "punishment," but a constitutionally sound protocol for encouraging pro-social behavior and treatment participation by SCC residents:

> The plaintiffs allegations regarding use of a level system, which gives privileges to persons who engage in treatment, is likewise flawed. The granting of privileges to persons who engage in treatment does not mean that persons who do not receive those privileges are in any way being punished. To impose liability on any named defendant, plaintiff needs to show a violation of a right of constitutional magnitude.

*Capello v. Seling*, C02-5242RBL, Dkt. # 452 at 8.

Construing the facts alleged by Plaintiff as true and in the light most favorable to Plaintiff, it is clear that Plaintiff cannot state a claim for relief here as he has no constitutional right to the same privileges rewarded to residents who participate in sex offender treatment.  Accordingly, the undersigned recommends that Defendants' motion to dismiss on this claim should be granted.

---

[2]For ease of reference, Plaintiff's claims shall be referred to by the following numbers in this Report and Recommendation and in the Court's Order to Show Cause filed simultaneously herein

REPORT AND RECOMMENDATION - 4

1

**B.      (Claim 3)  Plaintiff's Constitutional Right to "Trailer Visits"**

2

Plaintiff asserts a right to "trailer visits" (also known as contact or conjugal visits).

3

(Dkt. # 13, ¶ 11).   Such a right does not exist in a prison setting, nor absent authority to the

4

contrary, in a detention setting for sexually violent predators. *Block v. Rutherford*, 468

5

U.S. 576, 586 (1984) (finding no Fourteenth Amendment violation, the court stated, "(t)hat

6

there is a valid rational connection between a ban on contact visits and internal security of a

7

detention facility is too obvious to warrant extended discussion,").

8

Even viewing Plaintiff's allegations as true and in the light most favorable to him, his claim

9

must fail as there is no constitutional right to trailer visits.  Accordingly, the undersigned

10

recommends that Defendants' motion to dismiss on this claim be granted.

11

12

**C.      (Claim 5)  Plaintiff's Complaints About the SCC "Chow Hall" Do Not Implicate Any Constitutional Right**

13

Plaintiff claims that he "has to eat in a very noisy chow hall with insufficient exits

14

and the food is more often then not (sic) only just warm or at time (sic) cool."  (Dkt. # 13, ¶ 4).

15

Plaintiff also claims that "(u)nder institutional standards both Federal and state food must be served

16

hot and the chow hall not noisy to a degree that it causes a patient to become irratted [sic]." [Id.].

17

Taking these factual allegations as admitted and liberally construing them in the light most favorable

18

to the Plaintiff, this claim must be dismissed as a matter of law as the allegations do not give rise to

19

any constitutional violation.  Plaintiff does not identify and the Court is not aware of any

20

constitutional rights which mandate that Plaintiff is entitled to the particular standards he claims.

21

22

**D.      Qualified Immunity of Federal Officials**

23

Defendants urge that they are, in any event, entitled to qualified immunity.  As the Court has

24

not yet determined that Plaintiff has failed to allege a deprivation of an actual constitutional right, the

25

issue of qualified immunity will not be addressed.

26

27

28

REPORT AND RECOMMENDATION - 5

_

1  **E.      Personal Participation of Defendants**

2          Defendants further urge that dismissal is proper because Plaintiff has failed to produce facts

3  showing violation of their personal participation.  As the Court is recommending additional time to

4  amend as to three claims, this issue need not be addressed at this time.

5

6  **F.      Plaintiff's Claims For Injunctive Relief**

7          The power of federal courts to grant injunctive relief is limited to situations involving

8  constitutional violations.  *E.g., Hoptowit v. Ray,* 682 F.2d 1237, 1245 (9th Cir. 1982).  As the Court

9  has not yet determined that Plaintiff has failed to demonstrate that Defendants have violated his

10  constitutional rights, his claims for injunctive and declaratory relief will stand.

11

12                              **III. CONCLUSION**

13          Viewing all Plaintiff's material factual allegations as admitted and construing his Complaint

14  and attachments liberally in the light most favorable to him, it appears beyond doubt that Plaintiff can

15  prove no set of facts in support of his claims (1), (3), and (5).  For these reasons, the Court

16  recommends that the Defendants' Motion to Dismiss (Dkt. # 18) be **GRANTED** as to those claims.

17          A proposed Order accompanies this Report and Recommendation.   Pursuant to 28 U.S.C. §

18  636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days

19  from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file

20  objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474

21  U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set

22  the matter for consideration on **April 27,  2007**, as noted in the caption.

23          DATED this 3rd day of April, 2007.

24

25                                  Karen L. Strombom
                                    United States Magistrate Judge
26

27

28  REPORT AND RECOMMENDATION - 6