UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY FOX,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. HENRY RICHARDS,<br><br>            Defendant. | Case No.  C06-5063 RBL/KLS<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR RECUSAL |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR3 and MJR4.   Plaintiff is an individual seeking damages in a civil lawsuit pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion for Self Recusal.  (Dkt. # 50).

## I. DISCUSSION

Pursuant to 28 U.S.C. § 144:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned."  A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

ORDER
Page - 1

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   In this case, Plaintiff requests "a different Magistrate . . . as "an identical claim to my amended original claim is moving forward full speed w/o an order to amend!! Spicer v. Richards in this same court!"  (Dkt. # 50).

On May 26, 2007, Plaintiff was ordered to show cause why the Court should not find Plaintiff in violation of this Court's previous admonition that he should not submit pleadings prepared on his behalf by Mr. Scott.  (Dkt. # 46).  Plaintiff was previously advised that Mr. Scott had been prohibited from filing documents in other cases for other residents of SCC and that Mr. Scott may not file documents on Plaintiff's behalf.  (*Id.* at 2; Dkt. # 36 at 1 fn. 1).  Based on the Court's review of Plaintiff's motion for temporary restraining order, it appeared that Mr. Scott was continuing to file documents on Plaintiff's behalf.  (Dkt. # 46).  Review of the Court's file revealed further examples of Mr. Scott's activities on Plaintiff's behalf.  In an exhibit submitted as part of Plaintiff's Objections to a Report and Recommendation (Dkt. # 36), Mr. Scott directs Plaintiff,  "Harry - sign, copy (3) and give to me to mail.  Thanks, Scotty" (Dkt. # 40 at p. 22).  In its Order adopting the Report and Recommendation, the District Court refused to consider Plaintiff's Objections (Dkt. # 39 and 40), noting that they were prepared by Richard Roy Scott. (*See* Order at Dkt. # 41).

ORDER
Page - 2

Although Plaintiff complains that the undersigned is treating a similar case, *Spicer v. Richards*, C07-5109FDB/KLS, in a more favorable manner, neither Plaintiff nor Mr. Scott are parties in the *Spicer* case nor is that case in the same procedural posture as the one at hand.  Defendants have filed an answer in that matter, but no dispositive motions have come before the Court.

The undersigned has no personal bias or reason to be partial to one side or the other in this matter and accordingly, the undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

## II.  CONCLUSION

Based on the foregoing, the undersigned submits that there is no reasonable basis for a voluntary recusal in this instance.   However, Plaintiff's affidavit shall be referred to the Chief Judge for a determination of its merits, pursuant to Local General Rule 8.

Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Robert S. Lasnik for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Lasnik's motion calender.

This action, and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  **No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed.**

The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  18th  day of June, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3