UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY VERN FOX,

    Plaintiff,

  v.

HENRY RICHARDS,

    Defendant.

Case No. C06-5063 RBL/KLS

REPORT AND RECOMMENDATION

**Noted For: August 3, 2007**

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for a temporary injunction. (Dkt. # 42). After careful review of the motion and Defendant's response (Dkt. # 44), the undersigned recommends that the motion be denied.

## I. PROCEDURAL BACKGROUND

Upon receipt of the Plaintiff's motion, Plaintiff was ordered to show cause why the Court should not find Plaintiff in violation of this Court's previous admonition that he should not submit pleadings prepared on his behalf by Mr. Scott. (Dkt. # 46). Plaintiff was previously advised that Mr. Scott had been prohibited from filing documents in other cases for other residents of SCC and that Mr. Scott may not file documents on Plaintiff's behalf. (*Id.* at 2; Dkt. # 36 at 1 fn. 1). Based on the

REPORT AND RECOMMENDATION - 1

1  Court's review of Plaintiff's motion for temporary restraining order, it appeared that Mr. Scott was
2  continuing to file documents on Plaintiff's behalf. (Dkt. # 46). Review of the Court's file revealed
3  further examples of Mr. Scott's activities on Plaintiff's behalf. In an exhibit submitted as part of
4  Plaintiff's Objections to a Report and Recommendation (Dkt. # 36), Mr. Scott directs Plaintiff,
5  "Harry - sign, copy (3) and give to me to mail. Thanks, Scotty" (Dkt. # 40 at p. 22). In its Order
6  adopting the Report and Recommendation, the District Court refused to consider Plaintiff's
7  Objections (Dkt. # 39 and 40), noting that they were prepared by Richard Roy Scott. (*See* Order at
8  Dkt. # 41).

9  Plaintiff filed a response to the Order to show cause (Dkt. # 47) and motion for recusal (Dkt.
10  # 50). The motion for recusal was immediately referred to Chief Judge Robert S. Lasnik for decision
11  and further motions in this matter were stayed pending Judge Lasnik's decision. Judge Lasnik denied
12  the motion for recusal on June 25, 2007. (Dkt. # 52).

13  In his response to the Order to Show Cause, Plaintiff states that he "signed and filed
14  everything." (Dkt. # 47).

## II.  FACTUAL BACKGROUND

Plaintiff is committed to the Special Commitment Center (SCC) as a Sexually Violent
Predator (SVP) under Wash. Rev. Code ch. 71.09, Washington's SVP statute. (Dkt. # 31, ¶ 2).
Plaintiff claims that staff at SCC refused to make copies of an exhibit that he intended to use
in his objections to a report and recommendation and appeal of magistrate judge's ruling. (Dkt. #
32 at 1). Plaintiff further states that he was given the necessary copy by another patient. (*Id*. at 2).
Plaintiff submitted the exhibit as a supplement to his Objections (at Dkt. # 39) to the Reports and
Recommendations (Dkt. # 36 and 37).

The SCC supplies up to 90 photocopies per month at no charge to indigent residents. (Dkt. #
45). When a resident exhausts his monthly photocopy allotment, he must pay for additional copies

REPORT AND RECOMMENDATION - 2

during that month. (*Id.*).

Plaintiff requests that the Court order staff at SCC to make copies of any exhibit or brief in this case.

### III. STANDARD OF REVIEW

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving

REPORT AND RECOMMENDATION - 3

party may meet its burden by demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor. *Id*. at 795.

## IV.  DISCUSSION

**A.     Plaintiff Has Failed to Show That He Will Suffer Irreparable Injury**

To satisfy the standing requirements of Article III of the Constitution, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Associated General Contractors*, 950 F.2d at 1410.

The SCC supplies up to 90 photocopies per month to indigent residents. (Dkt. # 45). When a resident exhausts his monthly photocopy allotment, he must pay for additional copies during that month. (*Id*.). Defendant argues that Plaintiff cannot show any injury in fact as the result of SCC staff refusing to make a copy of Plaintiff's exhibit because the document is completely

REPORT AND RECOMMENDATION - 4

irrelevant to Plaintiff's claims in this case – it is thirteen years old, 16-pages long, and relates to a facility that no longer exists and in which he was never held.  Defendant argues further that Plaintiff cannot show any injury in fact because he already had exhausted his monthly allotment of free photocopies.  Defendant also argues that any harm to Plaintiff is of his own making as it is apparent, for example, from Plaintiff's 25-page filing (*see* Dkt. # 42) that he is making no effort to conserve his monthly copy allotment for meaningful use in this litigation.  Defendant has attached a 16-page document to which he cites only one page and filed a duplicate of Defendant's 4-page response in objection to Plaintiff's first motion for temporary restraining order.  Thus, Defendant concludes that these actions may be viewed as evidence that any future "harm" Plaintiff may assert is of Plaintiff's own making and not the result of SCC monthly limitation on photocopies

The record reflects and the undersigned concludes that Plaintiff has not shown an actual or imminent injury that is not conjectural or hypothetical in nature.  Plaintiff receives 90 photocopies at no charge per month just as every other resident at the SCC.  Accordingly, the undersigned recommends that his motion for injunctive relief be denied.

**B.    Plaintiff Has Not Demonstrated a Likelihood of Success on the Merits or that the Balance of Hardships Weighs in His Favor**

The evidence before the Court reflects that Plaintiff receives 90 photocopies per month at no cost while he is indigent.  Plaintiff does not address the merits of his claim nor has he shown how being granted a preliminary injunction would be in the public interest or how the balance of potential harm favors him.  There is no evidence that Defendant violated the law or abused his own policies.  To prevail on the merits, Plaintiff would have to demonstrate that his rights have been violated and that he would suffer irreparable injury if this Court declines to grant a preliminary

REPORT AND RECOMMENDATION - 5

injunction.

Plaintiff fails to make such a showing and therefore, his requested relief would not be "to preserve the status quo pending a determination on the merits of the case." *Los Angeles Mem'l Coliseum Com 'n*, 10 634 F.2d at 1200. Accordingly, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

## V.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for preliminary injunction (Dkt. # 42)**.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 3, 2007**, as noted in the caption.

DATED this 2nd day of July, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6