UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARRY VERN FOX,

   Plaintiff,

   v.

DR. HENRY RICHARDS,

   Defendant.

Case No. C06-5063 RBL/KLS

REPORT AND RECOMMENDATION

**Noted For: August 3, 2007**

This 42 U.S.C. § 1983 civil rights has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Harry Vern Fox is a resident of the Special Commitment Center (SCC), a Washington Department of Social and Health Services (DSHS) facility for the care and confinement of persons detained or civilly committed under Wash. Rev. Code ch. 71.09, Washington's sexually violent predator statute. On August 21, 2006, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiffs constitutional rights during his confinement at the SCC. (Dkt. # 13). Defendants moved to dismiss Plaintiff's Complaint (Dkt. # 13) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. # 18). In the alternative, Defendants requested an order directing Plaintiff to file an amended complaint that complies with Rule 8(a) of the Federal Rules. (*Id*.).

The undersigned recommended dismissal of Claims (1), (3) and (5) of Plaintiff's Complaint. (Dkt. # 37).  That recommendation was adopted by the District Court.  (Dkt. # 43).  The

ORDER - 1

1 undersigned denied Defendants' motion to dismiss as to Plaintiff's claims (2), (4), and (6), and

2 granted Plaintiff leave to amend to properly plead a cause of action under Section 1983. (Dkt. # 35).

3 Plaintiff was given until on or before May 31, 2007 to file an amended complaint.

4     In response on June 1, 2007, Plaintiff filed a "response to order to amend and motion for an

5 attorney," (Dkt. # 49), and a "motion for self recusal," (Dkt. #50).  Plaintiff's motion for recusal of

6 the undersigned was referred to Chief Judge Robert S. Lasnik for decision on June 19, 2007. (Dkt. #

7 51).  That motion was denied on June 25, 2007.  (Dkt. # 52).

8     In his "response to order to amend," Plaintiff states:

9         I am DD and special needs and do not know how to write what
this court asks of me nor do I understand what this court wrote?  We
10         have no law clerks.

11         I therefore need an attorney to write something legally correct
(in this Magistrate's eye I douth [sic] even an attorney could do that)
12

13 (Dkt. # 49).

14     Plaintiff's motion for counsel was denied by the undersigned on December 19, 2006. (Dkt. 19).

15 Plaintiff's appeal of that Order was denied by the District Court on January 20, 2007. (Dkt. # 23). And

16 Plaintiff's motion for reconsideration of that denial was denied on February 7, 2007. (Dkt. # 29).

17

18 **DISCUSSION**

19     Plaintiff was originally ordered to amend his complaint on or before May 31, 2007. (Dkt. # 35).

20 Rather than amend his complaint, Plaintiff sought recusal of the undersigned and now claims that he

21 requires counsel to comply with the Court's Order.  Plaintiff's previous requests for counsel were denied.

22 Notably, in Plaintiff's previous requests, he never claimed any special needs or inability to articulate his

23 claims.  Aside from a lack of legal skills and advanced education, Plaintiff's complaints were primarily

24 the lack of a "sufficient" law library and law clerks.  Plaintiff continues to complain of the lack of law

25 clerks but also raises, for the first time, that he is "DD and special needs" and tthat he is unable to write

26 ORDER - 2

"what this Court asks of me" and therefore, needs an attorney to write something "legally correct (in this magistrate's eyes, I douth even an attorney could do that)". Plaintiff has provided the Court with no explanation or evidence of how he is hindered by special or medical needs. Nor has he explained why he cannot comply with the Court's Order to amend, except to imply that the amendments ordered present an insurmountable task that even someone trained in the law could not hope to accomplish.

Plaintiff's requests for counsel have previously been considered by this Court and the District Court and denied. Plaintiff has failed to comply with this latest deadline and has sought no extension of time within which to comply.

## CONCLUSION

The undersigned recommends that this action be **DISMISSED WITH PREJUDICE** for the reasons stated in the order to amend and for failure to comply with a court order. (Dkt. # 35). A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 3, 2007**, as noted in the caption.

DATED this  2nd   day of July, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER - 3